## SUPREME COURT.

### DIMON agt. BRIDGES AND OTHERS.

Where in a foreclosure suit upon a bond and mortgage, the plaintiff alleged a breach of the conditions of the bond, and averred " that the bond is accompanied by a mortgage with the same condition as the bond," and the answer denied that the mortgage contained the conditions alleged to be broken; on demurrer to the answer, on the ground that the conditions of the bond must control that of the mortgage, *held*, that the complaint not setting out the mortgage, the defendant was entitled to judgment on the demurrer. The defendants had tendered a material issue.

*Brooklyn Special Term, January* 1853. *Demurrer to answer.* The facts of the case appear in the opinion of the court.

GEO. C. BLANKE, *for Plaintiff.*
WM. H. ELTING, *for Defendants.*

BARCULO, Justice.—The plaintiff seeks to foreclose a mortgage for $250, payable in 1855, with interest semi-annually. By the condition of the bond, it was provided that in case default should be made in the payment of the interest, " or any part thereof," for the period of ten days after the same became due, the whole

Dimon agt. Bridges and others.

sum should, at the option of the plaintiff, become due, and payable. The complaint states that the bond is accompanied by a mortgage, "with the same condition as the said bond; and in case of default in the payment of the said sum of money or any part thereof, the said plaintiff was empowered to sell the said mortgaged premises," &c., and that the interest falling due in January 1852, was not paid within the ten days, &c.

The answer denies that the mortgage contained any agreement that, in default of paying the interest, the principal should become due, and avers that the mortgage merely provides " for the payment of two hundred and fifty dollars, on the 8th day of July 1855, and the interest thereon."

The plaintiff has demurred to this answer, and now asks the court to give him judgment, on the ground that the condition of the bond must govern and control the mortgage.

The difficulty in the way of granting his request is, that the defendant has tendered a material issue as to the contents and purport of the mortgage; and, the instrument not being set forth, I must assume, on this argument, that the answer has given the correct version of the facts. That declares explicitly that, by the terms and true construction of the mortgage, it does not provide for the whole sum becoming due by reason of a failure to pay interest. This is a question which can only be solved by a production of the mortgage on the trial.

It is altogether probable, that the truth of the case is, that the bond provides, as is stated in the complaint, and that the mortgage is given in the ordinary form for "securing the payment of the said sum of money, according to the condition of said bond;" in which case the plaintiff, perhaps, is correct in his construction. But I can not act upon any such speculation. Nothing short of the actual production of the mortgage will enable the court satisfactorily to determine the issue.

The demurrer must, therefore, be overruled, with leave to plaintiff to reply on payment of costs.